# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# SOUTHERN DIVISION
# AT PIKEVILLE

| | |
|---|---|
| ROSCOE CHAMBERS,<br>**Plaintiff,**<br><br>V.<br><br>WARDEN M. SEPANEK, ET AL.,<br>**Defendants.** | CIVIL ACTION NO. 7:17-146-KKC<br><br>**MEMORANDUM OPINION<br>AND ORDER** |

\*\*\* \*\*\* \*\*\*

Plaintiff Roscoe Chambers is an inmate confined at the United States Penitentiary ("USP") Lewisburg in Lewisburg, Pennsylvania. Proceeding without an attorney, Chambers has filed a civil rights action pursuant to *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971) in which he alleges that Defendants acted with deliberate indifference to his medical needs in violation of his constitutional rights while Chambers was confined at United States Penitentiary-Big Sandy ("USP-Big Sandy") in Inez, Kentucky. [R. 1]

By separate order the Court has granted Chambers's motion to proceed without prepayment of the filing fee. [R. 6]. Thus, the Court must conduct a preliminary review of Chambers's complaint pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A. A district court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997). The Court evaluates Chambers's complaint under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007);

1

*Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage, the Court accepts the plaintiff's factual allegations as true, and his legal claims are liberally construed in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

Chambers's Complaint generally alleges that Defendants M. Sepanek (Warden at USP-Big Sandy), an unknown PA and an unknown doctor all acted with deliberate indifference to Chambers's medical needs by denying Chambers a transfer to a medical facility. [R. 1]. He also alleges that Defendants denied him a knee brace and a wheelchair. [R. 1 at p. 5]. He alleges that Warden Sepanek "put a management variable on me improperly to deny me medical attention" and that he "did not put the management variable on me to send me to a medical facility" to be "spiteful." [R. 1 at p. 5].

Chambers previously filed these claims in the United States District Court for the Central District of California. *Chambers v. Dr. Allen, et al.*, 5:17-cv-1353-MWF-KES (C.D. Cal. 2017). As the district court explained in that case, "Plaintiff alleges that doctors, wardens, and administrators throughout the federal prison system have been deliberately indifferent to his medical needs. All of his allegations center around the fact that he has been refused surgery on both knees, his right foot, and his right hand." [*Id*. at R. 7].

With respect to Sepanek, Chambers alleged that Sepanek "'was aware of [Plaintiff's] injuries but refused to do anything;' deliberately transferred Plaintiff to a high security prison because of his medical needs." [*Id*. at R. 7, p. 3]. The district court dismissed this claim, explaining:

> Plaintiff does not adequately allege that the Wardens at any of Plaintiff's prisons knew of and ignored a substantial risk to Plaintiff's well-being. Plaintiff merely states that the Wardens were 'aware' of his injuries and refused to do anything. Plaintiff does not provide facts demonstrating that his injuries were serious or that the Wardens actually knew that he was at substantial risk of harm if he did not receive surgery.

2

> Neither does Plaintiff's allegation that Warden Sepanck [*sic*] transferred Plaintiff to a different prison because of his medical needs state a deliberate indifference claim. Plaintiff alleges no facts indicated that (1) his transfer caused any serious medical harm, (2) the Warden knew of that potential harm, and (3) the Warden transferred Plaintiff in a manner deliberately indifferent to that harm.

[*Id*. at p. 7].

With respect to the "unknown" defendants, including the unknown doctor and PA at USP-Big Sandy, the district court found that Chambers failed to state a claim against these defendants because he "merely claims that these medical staff members were aware of his injuries and failed to perform surgery. The fact that the staff members may have been aware of Plaintiff's medical history does not demonstrate that the doctors were also aware of a substantial risk of harm that would result if Plaintiff did not receive the surgeries he requested." [*Id*. at p. 6].

The district court ultimately dismissed Chambers's complaint with leave to amend to correct the deficiencies identified in the court's order, although it also noted that it did not have personal jurisdiction over the defendants named by Chambers located in Kentucky. [*Id*.]. Thus, the Court instructed Chambers that, should he wish to pursue lawsuits against those defendants, he should file separate complaints in the courts that have personal jurisdiction over those defendants. [*Id*.]. Shortly after his complaint was dismissed in California, he filed this lawsuit, as well as a similar lawsuit against staff at USP-McCreary, located in Pine Knot, Kentucky. *Chambers v. Dr. Hardy, et al.*, No. 6:17-cv-256-KKC (E.D. Ky. 2017).

Thus, the Court notes that, although the district court in California ultimately found that it did not have jurisdiction over Chambers's claims that he has now brought in this case, the deficiencies in those claims have already been identified and explained to Chambers. Thus, his Complaint in this case is essentially his second "bite at the apple."

3

The Court has carefully reviewed the Complaint filed by Chambers in this case and has found that he has again failed to allege facts sufficient to state a claim of deliberate indifference to his medical needs. The Eighth Amendment "forbids prison officials from 'unnecessarily and wantonly inflicting pain' on an inmate by acting with 'deliberate indifference' toward [his] serious medical needs." *Blackmore v. Kalamazoo County*, 390 F. 3d 890, 895 (6th Cir. 2004) (*quoting Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). A plaintiff asserting deliberate indifference to his serious medical needs must establish both the objective and subjective components of such a claim. *Jones v. Muskegon Co.*, 625 F. 3d 935, 941 (6th Cir. 2010). The objective component requires the plaintiff to show that the medical condition is "sufficiently serious," *Farmer*, 511 U.S. at 834, such as one "that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Harrison v. Ash*, 539 F. 3d 510, 518 (6th Cir. 2008) (citations omitted). The subjective component requires the plaintiff to show that prison officials actually knew of a substantial risk of harm to the plaintiff's health but consciously disregarded it. *Cooper v. County of Washtenaw*, 222 F. App'x 459, 466 (6th Cir. 2007); *Brooks v. Celeste*, 39 F. 3d 125, 128 (6th Cir. 1994).

Here, Chambers has alleged no facts to establish what his medical needs are, much less that they are "sufficiently serious." Although he alleges that he was denied a knee brace and a wheel chair, he alleges no facts that would establish that he had any medical condition requiring either a knee brace or a wheel chair. Instead, he repeatedly refers to his "medical needs" and his "injuries" in a conclusory manner, without alleging any facts identifying what these needs and injuries actually are. The absence of any of these required allegations is particularly glaring because Chambers was specifically instructed by the California Court that, in order to state a deliberate indifference claim, he must allege facts demonstrating that Chambers's injuries were

4

serious and that the Defendants actually knew that he was at a substantial risk of harm. *Chambers v. Dr. Allen, et al.*, 5:17-cv-1353-MWF-KES (C.D. Cal. 2017) at R. 7, p. 7. However, his Complaint in filed in this action fails to address any of these deficiencies.

Moreover, to the extent that Chambers has named and unknown doctor and PA-C as defendants, his claims fail because unnamed defendants, without any identifying description, cannot be parties. *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010) (affirming district court's dismissal of "John Doe (Unknown Legal Name), Guard, Charlotte Correctional Institute").

Turning to Chambers's claims against Warden Sepanek, while *Bivens* expressly validated the availability of a claim for damages against a federal official in his or her individual capacity, an officer is only responsible for his or her own conduct. *Ashcroft v. Iqbal*, 556 U.S.662, 676-677 (2009). *See also Ziglar v. Abbasi*, 137 S.Ct. 1843, 1860 (2017). The mere fact of supervisory capacity is not enough: an official must be personally involved in the conduct complained of because *respondeat superior* is not an available theory of liability. *Polk County v. Dodson*, 454 U.S. 312, 325-26 (1981). To establish that non-medical personnel such as a warden or jailer was deliberately indifferent to an inmate's serious medical needs, the plaintiff must demonstrate that he intentionally prevented or interfered with a doctor's course of appropriate treatment, or directly or tacitly authorized the physician's clear mistreatment or neglect of an inmate. *Spruill v. Gillis*, 372 F.3d 218, 236 (3rd Cir. 2004) ("If a prisoner is under the care of medical experts…a non-medical prison official will generally be justified in believing that the prisoner is in capable hands."); *Brock v. Wright*, 315 F.3d 158, 164-65 (2d Cir. 2003) (absent evidence that warden was medically trained or independently understood allegedly adverse consequences of regional medical director's decision not to refer prisoner for outside treatment, warden was not deliberately indifferent to prisoner's medical needs merely for adopting medical director's decision); *Coleman*

*v. Lappin*, No. 6: 10-CV-186-GFVT, 2011 WL 4591092, at *6-7 (E.D. Ky. 2011) (collecting cases); *Fuller v. Shartle*, 2012 WL 1068805, at *4-5 (N.D. Ohio 2012).

Here, Chambers's alleges that, after Sepanek "became aware of my medical needs, [he] deliberately put a management variable on me to deny me from going to a medical facility," and that he did so "to be spiteful." [R. 1 at p. 3, 5]. However, he alleges no facts that lend any support to these conclusions whatsoever. Again, he fails to articulate what his "medical needs" are, nor does he allege any facts connecting Sepanek's alleged awareness of his medical needs to the placement of a "management variable" on him. Nor does he allege any facts supporting his conclusions that the placement of the management variable was unwarranted or motivated by spite. Again, Chambers was previously advised that his claims against Sepanek were deficient because he failed to allege facts indicating that "(1) his transfer caused any serious medical harm, (2) the Warden knew of that potential harm, and (3) the Warden transferred Plaintiff in a manner deliberately indifferent to that harm." *Chambers v. Dr. Allen, et al.*, 5:17-cv-1353-MWF-KES (C.D. Cal. 2017) at R. 7, p. 7. Chambers's Complaint filed in this case fails to cure these deficiencies.

In light of the combination of problems mentioned above, the Court will dismiss Chambers's complaint without prejudice. As this dismissal is without prejudice, Chambers may certainly file a new, properly supported complaint addressing the deficiencies above if he so chooses. If Chambers wishes to seek relief in this Court by filing a new civil action, he may obtain a form Civil Rights Complaint [EDKY Form 523] from the Clerk of the Court.

However, Chambers is advised that *before* he may file suit in court to challenge an action or decision by jail officials, he must complete, in its entirety, the inmate grievance process and pursue all available appeals under the BOP's grievance procedure. 42 U.S.C. § 1997e(a). If an

inmate files suit before the prison grievance process is completed in its entirety, the Court will dismiss the case without prejudice.

Accordingly, **IT IS ORDERED** that:

1. Chambers's complaint [R. 1] is **DISMISSED WITHOUT PREJUDICE**.

3. **JUDGMENT** shall be entered contemporaneously with this Order.

4. This action is **STRICKEN** from the Court's active docket.

Dated May 11, 2018.

*Karen K. Caldwell*
KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY