# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# SOUTHERN DIVISION
# AT PIKEVILLE

| | |
|---|---|
| **ROSCOE CHAMBERS,** | **CIVIL ACTION NO. 7:17-146-KKC** |
| Plaintiff, | |
| V. | **MEMORANDUM OPINION AND ORDER** |
| **WARDEN M. SEPANEK, ET AL.,** | |
| Defendants. | |

\*\*\* \*\*\* \*\*\*

Plaintiff Roscoe Chambers is an inmate confined at the United States Penitentiary ("USP") Lewisburg in Lewisburg, Pennsylvania. Proceeding without an attorney, Chambers previously filed a civil rights action pursuant to *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971) in which he alleged that defendants acted with deliberate indifference to his medical needs in violation of his constitutional rights while Chambers was confined at United States Penitentiary-Big Sandy ("USP-Big Sandy") in Inez, Kentucky. [R. 1]

By Order entered May 11, 2018, the Court dismissed Chambers' complaint upon initial screening. [R. 12, 13] Ten days later, without seeking leave of Court or filing a motion to re-open this case, Chambers filed a second amended complaint. [R. 14]

Generally the Federal Rules of Civil Procedure embody a liberal policy favoring amendment of pleadings as justice requires. Fed. R. Civ. P. 15(a)(2). Two caveats to that general rule are relevant here. First, a plaintiff wishing to amend a complaint after it has already been

1

dismissed must satisfy a much higher standard. *Clark v. United States*, 764 F.3d 653, 661 (6th Cir. 2014) ("When a party seeks to amend a complaint after an adverse judgment, it thus must shoulder a heavier burden [than if the party sought to amend a complaint beforehand]. Instead of meeting only the modest requirements of Rule 15, the claimant must meet the requirements for reopening a case established by Rules 59 or 60.") (quoting *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 616 (6th Cir. 2010)). In addition, the court should deny a requested amendment where the proposed amendment would be futile, as where the newly-added claim is subject to dismissal. *Kottmyer v. Maas*, 436 F.3d 684, 692 (6th Cir. 2006).

A court may grant relief under Rule 59(e) only to (1) correct a clear error of law; (2) account for newly discovered evidence; (3) accommodate an intervening change in controlling law; or (4) prevent a manifest injustice. *American Civil Liberties Union of Ky. v. McCreary Co., Ky.*, 607 F.3d 439, 450 (6th Cir. 2010); *Besser v. Sepanek*, 478 F. App'x 1001, 1001-02 (6th Cir. 2012).

Rule 60(b) permits a district court to grant relief from a judgment for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud . . ., misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Relief under Rule 60(b) is "circumscribed by public policy favoring finality of judgments and termination of litigation." *Ford Motor Co. v. Mustangs Unlimited, Inc.*, 487 F.3d 465, 468 (6th Cir. 2007) (internal quotation marks omitted). "Rule 60(b) does not allow a

defeated litigant a second chance to convince the court to rule in his or her favor by presenting new explanations, legal theories, or proof." *Jinks v. Allied Signal, Inc.*, 250 F. 3d 381, 385 (6th Cir. 2001).

Chambers makes no allegations suggesting that any of the circumstances warranting relief under Rule 59 or 60 are present here. Rather, his proposed "second amended complaint" repeats many of the same allegations against the warden, an "unknown doctor," and an "unknown PA" that have previously been found to be insufficient by both this Court [R. 12] and the United States District Court for the Central District of California. *Chambers v. Dr. Allen, et al.*, 5:17-cv-1353-MWF-KES (C.D. Cal. 2017) at R. 7. Although Chambers also seeks to add new claims against "Mrs. Chance" and Mrs. Conklin," identified as a Unit Manager and a Unit Secretary, respectively, alleging that these individuals denied Chambers' due process rights by interfering with his administrative remedy requests and/or tampering with his mail, [R. 14 at p. 4], he provides no explanation as to why these claims were not presented earlier.

Moreover, Chambers filed his original complaint in the California District Court on July 6, 2017. After that complaint was dismissed, he filed his original complaint in this case on September 18, 2017. [R. 1] Even assuming that his May 21, 2018, proposed amended complaint would "relate back" to the date of filing of the original complaint (which does not appear to be the case), see Fed. R. Civ. P. 15(c)(1)(C), his proposed second amended complaint affirmatively states that he alleges that his constitutional rights were violated on June 7, 2015. [R. 14 at p. 2-3] Kentucky's one-year statute of limitations for personal injury claims, Ky. Rev. Stat. § 413.140(1)(a), applies to constitutional tort claims. *Hornback v. Lexington-Fayette Urban Co. Gov't*, 543 F. App'x 499, 501 (6th Cir. 2013); *Mitchell v. Chapman*, 343 F.3d 811, 825 (6th Cir.

2003). Thus, it is evident from the face of Chambers' proposed second amended complaint that his claims are time-barred. *Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001).

Where the applicability of a statute of limitations bar is plain from the face of the complaint, the claim is subject to *sua sponte* dismissal. Cf. *Jones v. Bock*, 549 U.S. 199, 215 (2007) ("If the allegations, for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim."); *Baker v. Mukaskey*, 287 F. App'x 422, 424-25 (6th Cir. 2008); *Castillo v. Grogan*, 52 F. App'x 750, 751 (6th Cir. 2002) ("When a meritorious affirmative defense based upon the applicable statute of limitations is obvious from the face of the complaint, sua sponte dismissal of the complaint as frivolous is appropriate."). Thus, the amendments proposed by Chambers must be denied as futile. *Kottmyer*, 436 F.3d at 692.

Accordingly, **IT IS ORDERED** that, to the extent that Chambers' seeks relief from the Court by filing a second amended complaint [R. 14], that request is **DENIED**.

Dated July 24, 2018.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY