# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# SOUTHERN DIVISION
# AT PIKEVILLE

| | |
|---|---|
| **ROSCOE CHAMBERS,** | **CIVIL ACTION NO. 7:17-146-KKC** |
| **Plaintiff,** | |
| V. | **MEMORANDUM OPINION AND ORDER** |
| **WARDEN M. SEPANEK, ET AL.,** | |
| **Defendants.** | |

\*\*\* \*\*\* \*\*\*

This matter is before the Court on a motion filed by Plaintiff Rose Chambers seeking relief from Judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. [R. 16] On May 11, 2018, after conducting a preliminary review of Chambers' complaint pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A, the Court entered an Order dismissing Chambers' complaint without prejudice. [R. 12] Specifically, the Court found that Chambers failed to allege facts sufficient to state an Eighth Amendment claim of deliberate indifference to his medical needs. [*Id*.] Judgment was also entered contemporaneously on May 11, 2018. [R. 13]

On May 21, 2018 (after the case had already been dismissed), without seeking leave of Court or filing a motion to re-open this case, Chambers filed an amended complaint. [R. 14] In an Order entered on July 24, 2018, the Court construed this filing as a request to file an amended complaint and denied it. [R. 15] In its Order, the Court first noted that, as Chambers' case had already been dismissed, in addition to meeting the modest requirements of Rule 15 of the Federal Rules of Civil Procedure, in order to be permitted to amend his complaint, Chambers was also

1

required to meet the requirements for reopening a case established by Federal Rules of Civil Procedure 59 or 60. *See Clark v. United States*, 764 F.3d 653, 661 (6th Cir. 2014). The Court further noted that a requested amendment should be denied where the proposed amendment would be futile. *Kottmyer v. Maas*, 436 F.3d 684, 692 (6th Cir. 2006). [R. 15]

Chambers' proposed amended complaint simply repeated many of the same allegations against the warden, an "unknown doctor," and an "unknown PA" that had previously been found to be insufficient by both this Court [R. 12] and the United States District Court for the Central District of California. *Chambers v. Dr. Allen, et al.*, 5:17-cv-1353-MWF-KES (C.D. Cal. 2017) at R. 7. In addition, although Chambers' amended complaint added new claims against Mrs. Chance and Mrs. Conklin (identified as a Unit Manager and a Unit Secretary, respectively), alleging that these individuals denied Chambers' due process rights by interfering with his administrative remedy requests and/or tampering with his mail, [R. 14 at p. 4], he failed to provide any explanation as to why these claims were not presented earlier. [R. 15] The Court further found that, as it was also clear from the face of the proposed amended complaint (which affirmatively alleged that his constitutional rights were violated on June 7, 2015) that Chambers' claims were untimely, his proposed amended complaint was futile. [*Id.*] For all of these reasons, the Court found that Chambers failed to make any allegation suggesting the presence of circumstances warranting relief under Rule 59 or 60, thus his construed request to file an amended complaint was denied. [*Id*]

On April 29, 2019 (nearly one year since the Court's entry of Judgment and over nine months after his request to amend his complaint was denied), Chambers filed a motion to reconsider the Court's July 24, 2018 Order denying his construed request to file an amended complaint. [R. 16] In his motion, Chambers argues that the Court made two "mistakes" in denying

2

his request to file his amended complaint. First, he claims that the Court overlooked *Assisted Living Assoc. of Mooretown, LLC v. Moorestown, Tx.*, 996 F. Supp. 409, 442 (D. N.J. 1998), which Chambers identifies as a "controlling decision of law." Chambers also argues that the Court improperly applied Kentucky's one-year statute of limitations for personal injury claims, K.R.S. § 413.140(1)(a), as the Court overlooked K.R.S. § 413.140(2), which states that, with respect to an action against a physician, surgeon, dentist, or hospital for negligence or malpractice, the cause of action "shall be deemed to accrue at the time the injury is first discovered or in the exercise of reasonable care should have been discovered; provided that such action shall be commenced within five (5) years from the date on which the alleged negligent act or omission is said to have occurred." K.R.S. § 413.140(2).

However, Chambers' motion must be denied for multiple reasons. First, Chambers' motion is untimely. While Chambers does not specify the section of Rule 60 upon which he relies, in his motion, he argues that the Court made a substantive mistake of law in denying his request for leave to amend his complaint after his case had been dismissed because the Court incorrectly applied K.R.S. § 413.140(1)(a). The Sixth Circuit has recognized that "a Rule 60(b)(1) motion is intended to provide relief...when the judge has made a substantive mistake of law or fact in the final judgment or order." *Penney v. United States*, 870 F.3d 459, 461 (6th Cir. 2017) (quoting *United States v. Reyes*, 307 F.3d 451, 455 (6th Cir. 2002)); *United States v. Hawkins*, 3 F. App'x 327, 328 (6th Cir. 2001) ("In the Sixth Circuit, a claim of legal error in the underlying judgment falls within the definition of mistake under Rule 60(b)(1)."). *See also* Fed. R. Civ. P. 60(b)(1) (authorizing the court to relieve a party from a final judgment or order for "mistake, inadvertence, surprise, or excusable neglect."). While Rule 60(c) provides that "a motion under Rule 60(b) must be made within a reasonable time--and for reasons (1), (2), and (3) no more than a year after the entry of

3

the judgment or order or the date of the proceeding," *see* Fed. R. Civ. P. 60(b)(c), the Sixth Circuit has repeatedly held that "[a] 60(b)(1) motion based on legal error must be brought within the normal time for taking an appeal." *Pierce v. United Mine Workers of Am. Welfare & Ret. Fund for 1950 & 1974*, 770 F.2d 449, 451 (6th Cir. 1985). *See also Townsend v. Soc. Sec. Admin.*, 486 F.3d 127, 133 (6th Cir. 2007); *In re G.A.D., Inc.*, 340 F.3d 331, 334 (6th Cir. 2003) ("We have held that "reasonable time" under 60(b) means that if a reason to set aside the judgment is known within the time for filing notice of appeal, a motion should be brought under Rule 60(b)(1) during that period.")

>As explained by the Sixth Circuit:
>
>It is settled that a 60(b) motion "cannot be used to avoid the consequences of a party's decision...to forego an appeal from an adverse ruling." *Steinhoff v. Harris*, 698 F.2d at 275. *See also Martinez-McBean v. Government of the Virgin Islands*, 562 F.2d 908, 911–12 (3d Cir.1977). This admonition applies with particular force to a motion based on legal error. The interests of finality of judgments and judicial economy outweigh the value of giving a party a second bite of the apple by allowing a 60(b) motion, after the appeal period has run, on the same legal theory that would have been asserted on appeal.

*Pierce*, 770 F.2d at 451–52. *See also Tyler v. Anderson*, 749 F.3d 499, 509 (6th Cir. 2014) ("Rule 60(b) does not allow a defeated litigant a second chance to convince the court to rule in his or her favor by presenting new explanations, legal theories, or proof.") (citations omitted).

Under the applicable provision of Rule 4 of the Federal Rules of Appellate Procedure, assuming (without deciding) that the filing of Chambers' proposed amended complaint tolled the time within which he could file a notice of appeal, at the very latest, Chambers was required to file a notice of appeal within 60 days after entry of the Court's July 24, 2018 Order denying his request to amend his complaint. *See* Fed. R. App. P. 4(a)(1)(B). Thus, in order to be timely, any Rule 60(b)(1) motion asserting an error of law was also required to be filed within this 60-day time period. However, Chambers did not file his current Rule 60(b) motion until April 29, 2019,

4

approximately 270 days after the Court's July 24, 2018 Order. Chambers offers no explanation for the delay in filing his motion. Nor does Chambers explain how the case he cites, *Assisted Living Assocs. of Moorestown, L.L.C. v. Moorestown Twp.*, 996 F. Supp. 409, 414 (D.N.J. 1998), a twenty-year old case from another judicial district involving issues of abstention and standing to bring a claim under the Fair Housing Act, 42 U.S.C. §§ 3601 *et seq.*, has any applicability to his claims in this case. Although that case does discuss the standard for motions for reargument under the Local Civil Rules for the District of New Jersey, *id*. at 442, those Local Rules and standards are not applicable in this Court. "[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to...put flesh on its bones." *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997) (quoting *Citizens Awareness Network, Inc. v. United States Nuclear Regulatory Comm'n,* 59 F.3d 284, 293–94 (1st Cir.1995) (citation omitted)) (other citations omitted).

Regardless, the case law and statutes upon which Chambers now relies to seek relief were in existence at the time the Court's Order denying his construed motion seeking leave to amend his complaint was entered. Thus, there was thus no impediment to Chambers seeking relief immediately after entry of the Court's Order, and he has offered no excuse for the lengthy delay before filing his motion.

Even putting this fatal deficiency aside, Chambers' legal argument regarding the applicable statute of limitations is simply without merit. First, Chambers seeks to rely on a provision of the applicable statute that provides that, in an action against a doctor for negligence or malpractice, the cause of action accrues when the injury is first discovered, or in the exercise of reasonable care

5

should have been discovered." K.R.S. § 413.140(2).[1] However, Chambers' original complaint does not allege a malpractice or negligence claim, but instead alleges constitutional claims against the Warden and an unknown doctor and physician's assistant based on their alleged denial of medical treatment (including a knee brace or wheelchair) and failure to enable Chambers to be transferred to a medical facility. [R. 1] Similarly, the new claims added in his proposed amended complaint are constitutional claims allege that a prison Unit Manager and a Unit Secretary denied Chambers' due process rights by interfering with his administrative remedy requests and/or tampering with his mail. The question of when civil rights claims accrue is one of federal law. *LRL Properties v. Portage Metro Hous. Auth.*, 55 F.3d 1097, 1107 (6th Cir. 1995). Under federal law, a claim accrues when the plaintiff knows, or has reason to know, of the injury which forms the basis for the action. *Friedman v. Estate of Presser,* 929 F.2d 1151, 1159 (6th Cir. 1991). Chambers fails to allege that there was any delay in the discovery of his injuries allegedly resulting from his denied medical care and/or the denial of his due process rights, nor are injuries from these types of constitutional violations the type of injuries that are not immediately discoverable.

Moreover, Chambers overlooks that the basis for the Court's dismissal of his complaint was his failure to allege facts sufficient to state an Eighth Amendment claim for deliberate indifference to Chambers' serious medical needs, not because his claims were untimely. [R. 12 at p. 4-6] His proposed amended complaint did nothing to correct these deficiencies and, in fact,

---

[1] Although his argument is not entirely clear, to the extent Chambers means to suggest that the applicable statutory limitations period for his claim is five years, not one year, he is simply wrong. Kentucky law is clear that actions for personal injury and actions against a physician, surgeon, or hospital for negligence or malpractice must be commenced within one year after the cause of action accrues. K.R.S. § 413.140(1)(a), (e); *Hornback v. Lexington-Fayette Urban Co. Gov't.*, 543 F. App'x 499, 501 (6th Cir. 2013); *Mitchell v. Chapman*, 343 F.3d 811, 825 (6th Cir. 2003). While K.R.S. § 413.140(2) extends that time where the injury is not immediately discoverable by providing that the cause of action accrues when the injury is or should have been first discovered, it further caps this "discovery rule" by providing that, in any case, the action must be commenced within five years from the date of the occurrence of the negligent act or omission. K.R.S. § 413.140(2). Regardless, Chambers does not argue that his injuries arising from the denial of medical care and/or the denial of his due process rights were not immediately discoverable, nor does he offer any explanation of why this provision should apply to his claims.

clarified that, in addition to his factual allegations being insufficient to state a claim, the events giving rise to his claims occurred in June 2015, making clear that, in addition to being insufficient on the merits, his claims were also untimely. [R. 14, 15] Indeed, Chambers does not argue that the Court's finding that he failed to state a constitutional claim – which was a sufficient reason alone for the dismissal of his complaint, as well as the subsequent denial of his post-dismissal request to file an amended complaint - was erroneous. Thus, he cannot establish that he is entitled to relief under Rule 60(b).

For all of these reasons, the Court finds that Chambers' Rule 60 motion is both untimely and without merit.

Accordingly, **IT IS ORDERED** that, to the extent that Chambers' motion for relief from Judgment under Rule 60(b) [R. 16] is **DENIED**.

Dated May 16, 2019

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY